**212**

Joseph H. LEONARD, William Saccone,
Richard Handren, Edward Walsh,
Lawrence Johnson

v.

M.I.T. EMPLOYEES' UNION.

Civ. A. No. 61-525.

United States District Court
D. Massachusetts.

Oct. 9, 1961.

James F. Ryan, Boston, Mass., for plaintiff.

Warren H. Pyle of Grant, Angoff, Goldman & Manning, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action brought under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. §§ 411, 412 and 529, and arising out of the expulsion of plaintiff Leonard from the defendant union. Plaintiffs seek an order for the reinstatement of Leonard, damages for his allegedly unlawful expulsion and an injunction against interference with plaintiffs' rights to speak and assemble freely and to publish and disseminate their views on union matters.

Defendant union moves to dismiss the action on several grounds. The complaint sets forth that defendant union as exclusive bargaining agent for certain categories of employees of Massachusetts Institute of Technology has entered into a collective bargaining agreement with the Institute which provides that every employee covered by the agreement, which includes the plaintiffs, shall join and remain a member of defendant union. It further alleges expulsion of Leonard from the union on

grounds other than failure to pay dues and initiation fees. On this basis defendant argues that the complaint sets forth an unfair labor practice under 29 U.S.C.A. § 158(a) (3) which lies within the exclusive jurisdiction of the National Labor Relations Board. Defendant clearly misconceives the gravamen of plaintiffs' complaint. There is no allegation of any discrimination by the employer against Leonard because of his expulsion from the union, or of any threat of such discrimination, or of any attempt by the union to bring about such discrimination. The wrong which plaintiffs allege is not any interference with Leonard's employment but solely his deprivation of union membership and of his rights as a union member under § 411, an infringement for which he is entitled by § 412 to seek relief by an action in this court.

Defendant union further contends that the complaint fails to state a claim for relief under the Labor-Management Reporting and Disclosure Act. The complaint alleges Leonard's expulsion from the union on charges based on his distribution and posting on bulletin boards of certain printed material which is alleged to have been a legitimate expression of plaintiffs' views on a controversial matter of union business. The complaint thus clearly alleges matters which if proved would constitute a deprivation of Leonard's rights under § 411 and an expulsion unlawful under § 529 because based on his exercise of those rights. The complaint further alleges that the hearing given to Leonard before his expulsion was not the full and fair hearing to which he was entitled under § 411(5). In the light of the allegations of improper procedure, bias and prejudice, and lack of evidence, it cannot now be ruled as a matter of law that the complaint does not sufficiently state a claim for denial of the fair hearing required by the act.

■ Defendants also move to dismiss the claims of the plaintiffs other than Leonard. As to these plaintiffs the complaint does fail to state a claim for relief under the act. There is no allegation that the rights of any of these plaintiffs have been directly violated, or that he has been subjected to any disciplinary action or threat of it. At most their claim seems to be that if they engage in the same course of action as did Leonard, they might find themselves subjected to similar action by the union, or else that they have been indirectly harmed by the fact that Leonard, whom they regard as a desirable union member, is no longer in the union. Thus all they allege are remote or hypothetical injuries, and not any direct and actual infringement of their rights, such as would entitle them to relief under § 412.

■ Defendant also objects to certain interrogatories propounded by plaintiffs on the ground that these interrogatories call for expressions of opinion, interpretation, conclusion or contention. These interrogatories do not in general fall within that description. For the most part they ask whether in fact certain things were done or certain statements were made in the course of the union hearing prior to Leonard's expulsion. However, interrogatories 13, 14 and 15 are vague and call for conclusions and interpretations as to what union policy is. Interrogatory 21 brings in an irrelevant reference to other cases.

Defendant's motion to dismiss is denied as to plaintiff Leonard. Defendant's motion to remove parties plaintiff other than Leonard and to dismiss as to these plaintiffs is allowed. Defendant's motion to be relieved from answering interrogatories is allowed as to interrogatories 13, 14 and 15. The words "and in the other cases in which he testified on the merits" are stricken from Interrogatory 21, and this interrogatory as thus modified will be answered. The motion is denied as to the remaining interrogatories and they will be answered.